Filed 11/7/14  P. v. Cook CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SHAD ERIC COOK,<br><br>    Defendant and Appellant. | A141198<br><br>(Marin County<br>Super. Ct. No. SC185818A) |

Defendant Shad Eric Cook appeals from a judgment and sentence following his conviction by jury for residential burglary and possession of burglary tools. (Pen. Code, §§ 459, 466.) Defendant's appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 requesting that we conduct an independent review of the record. Defendant was informed of his right to file a supplemental brief and did not file such a brief. (See *People v. Kelly* (2006) 40 Cal.4th 106, 124.) We have conducted the review requested by appellate counsel and, finding no arguable issues, affirm the judgment.

**Factual and Procedural History**

An information filed in September 2013 charged defendant with one felony count of residential burglary (Pen. Code, § 459) and one misdemeanor count of possession of burglary tools (Pen. Code, § 466). Defendant pled not guilty to both counts.

The following evidence was presented at trial. A maintenance supervisor at a residential apartment building testified he saw defendant in the laundry room trying to break into one of the coin-operated machines. Defendant was inserting two thin pieces of metal into the machine's lock when the supervisor entered the room. Defendant saw the

1

supervisor, stopped what he was doing, and left. The supervisor followed defendant onto the streets and, with defendant in his sight, telephoned the police to report the crime and provide a description of the burglar. The supervisor lost sight of defendant when defendant turned into a driveway. The police arrived on the scene about 15 minutes later, detained defendant and presented him to the supervisor. The supervisor identified defendant as the burglar.

The jury found defendant guilty of residential burglary and possession of burglary tools (Pen. Code, §§ 459, 466). The court sentenced defendant to 395 days in county jail: 365 days for burglary and a consecutive term of 30 days for possession of burglary tools. The sentence was largely satisfied by time served: 190 days actual days served plus 190 days conduct credit for a total of 380 days credit. Defendant was also ordered to pay court operation assessment fees of $80 (Pen. Code, § 1465.8, subd. (a)(1)) and criminal conviction fees of $60 (Gov. Code, § 70373, sub. (a)(1)).

## Discussion

We have undertaken a review of the entire record in this case and have found no arguable issues. The jury was properly instructed on the applicable legal principles, substantial evidence supports defendant's conviction, the trial court did not abuse its discretion in sentencing defendant, and defendant was represented by competent counsel throughout the proceedings. There are no issues that require further briefing.

## Disposition

The judgment is affirmed.

_____

Pollak, J.


We concur:


_____

McGuiness, P. J.


_____

Jenkins, J.